IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY RICHARD EVANS and REGINA EVANS, husband and wife, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | 2:05cv987 |
| ) | |
| BLUE RIDGE INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition is a MOTION TO REMAND *(Document No. 2)*, with brief in support *(Document No. 3)* ("Motion" and "Brief," respectively) filed by plaintiffs Harry Richard Evans and Regina Evans (collectively "Plaintiffs"). Defendant Blue Ridge Insurance Company ("Defendant") has filed its RESPONSE TO PLAINTIFF'S MOTION TO REMAND *(Document No. 4)* ("Response"), and therefore the matter is ripe for disposition.

The instant action is one of two cases assigned to the undersigned which involve the same parties and subject matter.[1] The cases arise from an auto accident which involved plaintiff Harry Richard Evans and a third party. At the heart of the matter is Plaintiffs' state court legal battle with Defendant over Plaintiffs' entitlement to underinsured motorists coverage and more specifically, the amount of such coverage under the policy. According to the Motion, the dispute proceeded through court-ordered arbitration in the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et seq.*, which ultimately resulted in an arbitration award of $600,000 in favor of Plaintiffs. *See* Motion

---

[1] Specifically, on June 24, 2005, prior to the filing of the instant action, Defendant filed what is styled as a "Petition to Vacate, Modify or Correct Underinsured Motorist Arbitration Award and Action for Declaratory Judgment." The action, docketed at Civil Action Number 05-873, was filed pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201. In that action Defendant seeks, *inter alia*, a determination that a declaratory judgment entered by the Court of Common Pleas of Allegheny County and affirmed by the Superior Court of Pennsylvania was in error. *See* Doc. #1 at Civil Action No. 05-873.

at ¶¶ 2-10.  The dispute has now found its way to federal court through the filing of Defendant's Notice of Removal.

Ordinarily a *civil complaint* is removed to federal court pursuant to 28 U.S.C. § 1441.  However, in this case Defendant has removed a "Petition to Confirm Arbitration Award and for Entry of Judgment" ("Petition").  According to the state court docket, said Petition is the eighth document/pleading in the aforesaid arbitration proceeding, and was filed on July 6, 2005.  *See* Motion at ¶ 9; exh. A & B.  The arbitration proceeding commenced in 2002 with the filing of a Petition to Compel Appointment of an Arbitrator by Mr. Evans.  *See id.*

A.  <u>Whether Removal is Proper</u>

Plaintiffs contend that the Notice of Removal is untimely under 28 U.S.C. § 1446(b).  The Court agrees.  Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where the action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over matters where, as here, there is complete diversity between parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

The Court has found only one case on point, presumably because few attorneys have tried to remove state court arbitration proceedings to federal court at such a late stage of the proceeding.  In an unreported decision from the Eastern District of Pennsylvania, the district court predicted that the Pennsylvania Supreme Court would find that the Pennsylvania Arbitration Act was designed as a "unitary framework;" therefore, the district court held that a petition to vacate the arbitration award filed subsequent to the initial petition to compel

arbitration was not an "initial pleading" within the meaning of section 1446(b). *West v. Zurich American Ins. Co.*, 2002 WL 1397465, at *4, No. Civ. A. 02-546 (E.D. Pa. June 26, 2002). In other words, in an action brought in a Pennsylvania court pursuant to the Pennsylvania Uniform Arbitration Act, the event which starts the running of the 30-day removal period under 28 U.S.C. § 1446(b) is the filing of the first pleading. *See id.* This Court agrees with the reasoning of and result reached by the *West* court. Therefore, because the Petition which Defendant has attempted to remove is part of an ongoing arbitration proceeding that commenced in 2002, the Court finds and rules that the Notice of Removal is untimely under 28 U.S.C. § 1446(b).

Finally, the Court has fully considered the arguments made by Defendant in its Response. Defendant's arguments are at best not persuasive, and at worst simply not germane to whether this action has been properly removed to federal court. Therefore, this action will be remanded to the Court of Common Pleas of Allegheny County.

B.     Whether an Award of Attorney's Fees and Costs Should be Imposed

In their Motion "Plaintiffs request that they be awarded costs and attorneys (sic) fees of $2,500 ... because the Notice of Removal is clearly untimely and vexatious." Motion at ¶ 11.

When an action is remanded to state court, the federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Moreover, a "district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith." *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir.1996) (affirming the assessment of fees and costs under 28 U.S.C. § 1447(c) where there was no colorable basis for removal). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Id*.

The Court finds and rules that Plaintiffs' request for an award of costs and attorney's fees is appropriate. Motion at ¶ 12. In essence, Defendant has attempted to create a new federal

cause of action out of a petition to confirm an arbitration award filed in an ongoing state court arbitration proceeding. It is clear from the filings that the arbitration proceeding was poised to end unfavorably to Defendant, and that the Notice of Removal has done nothing but delay the hearing that was scheduled on said Petition. *See* Motion at ¶ 10. It is difficult to imagine how anything other than bad faith or a dilatory motive could have inspired Defendant to attempt to remove the Petition, and the underlying arbitration proceeding, from state court to federal court. Therefore, the Court will order that Defendant pay to Plaintiff a reasonable award of attorneys fees and costs for the preparation of Plaintiffs' motion to remand and brief in the amount of $1,500.00 pursuant to 28 U.S.C. § 1447(c).

<u>Conclusion</u>

For the reasons hereinabove stated, Plaintiff's Motion to Remand will be granted, and action shall be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania, and Plaintiff will be awarded $1,500 in costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HARRY RICHARD EVANS and REGINA EVANS, husband and wife, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | 2:05cv987 |
| ) | |
| BLUE RIDGE INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

ORDER OF COURT

AND NOW, this 8th day of August, 2005, in accordance with the Memorandum Opinion it is hereby ORDERED that this action is REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith.  It is further ORDERED that Defendant shall pay to Plaintiffs the sum of $1,500 pursuant to 28 U.S.C. § 1447(c).  The clerk shall mark this case as closed.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   Thomas E. Crenney, Esquire
      Thomas E. Crenney & Associates
      One Gateway Center - 18th Floor West
      Pittsburgh, PA 15222

      Timothy J. Burdette, Esquire
      733 Washington Road - Suite 209
      Pittsburgh, PA 15228

      Michael E. Lamb, Prothonotary
      Court of Common Pleas of Allegheny County, Pennsylvania
      First Floor - City-County Building
      414 Grant Street
      Pittsburgh, PA 15219-2469